IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EVON FREDERICK, #263382, | ) ) ) CIVIL ACTION NO. 9:11-211-RBH-BM |
| Petitioner, | ) ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| WARDEN MCCABE, | ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 25, 2011.[1]

The Respondent filed a return and motion for summary judgment on June 8, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 10, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving extensions of time to respond, Petitioner filed a response in opposition on September 23, 2011.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all
(continued...)



1

**Procedural History**

Petitioner was indicted in January 1998 for two counts of murder [Indictment Nos. 98-GS-40-28716-17). (R.pp. 680-683). After a jury trial on December 13-16, 1999, Petitioner was found guilty on the charges. (R.pp. 1-678³, 680, 682). The judge sentenced Petitioner to two (2) consecutive sentences of life imprisonment without parole. See State v. Frederick, Unpublished No. 2002-UP-099 (S.C.Ct.App. filed Feb. 12, 2002).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Robert Pachak, Assistant Appellate Defender, and raised the following issues:

1.  Whether the trial court erred in refusing to suppress DNA results or to grant a continuance pursuant to Rule 5 when the prosecution failed to timely disclose DNA results?

2.  Whether the trial court erred in admitting crime scene photos of the bloody victims and autopsy photos at the guilt stage of this trial when the photos were unduly prejudicial and not necessary to the state's case.

3.  Whether the trial court erred in refusing to grant a mistrial after state's witness Deputy Paul Barton placed appellant's character in issue about a prior arrest concerning marijuana?

See Petition, p. 4.

On February 12, 2002, the South Carolina Court of Appeals denied Petitioner's appeal and affirmed

---

(...continued)
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

³The trial transcript submitted to the Court is missing pages 844-852 from the original trial transcript and pages 854 to the end. However, it is uncontested that Petitioner was found guilty and the transcript does include the pages with the foreman's signature and the finding of guilt. (R.pp. 680, 682). See also State v. Frederick, Unpublished No. 2002-UP-099 (S.C.Ct.App. filed Feb. 12, 2002).



the trial court. See State v. Frederick, Unpublished No. 2002-UP-099 (S.C.Ct.App. filed Feb. 12, 2002). On February 28, 2002, the Remittitur was sent down.

On February 2, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Frederick v. State of South Carolina, No. 2004-CP-40-0527. Petitioner raised the following issue in his APCR:

> 1. Did the trial court lack[ ] subject matter jurisdiction because the indictments failed to allege the essential elements of the crime of murder?

See Petition, attachment, p. 1.

Petitioner was represented in his APCR by Tara Dawn Shurling, Esquire. The State made its return to the petition on November 2, 2004, and moved to dismiss the APCR as time-barred. On March 16, 2006, the PCR judge filed a conditional order of dismissal, following which Petitioner filed a response on May 9, 2006. The state court then issued a final order of dismissal filed May 18, 2006 (dated May 15, 2006), dismissing the APCR as time-barred.

Petitioner did not file an appeal. However, on February 15, 2010, Petitioner filed a second APCR in state circuit court; Frederick v. State of South Carolina, No. 2010-CP-400-1066; in which he asked for a belated appeal from the dismissal of his first APCR pursuant to Austin v. State[4]. The State consented to the Austin appeal from the dismissal of Petitioner's first APCR, and the PCR court entered a Consent Order granting the Austin appeal on March 8, 2010.

Petitioner then filed an Austin appeal of the PCR court's order of May 18, 2010. Since the final order in the 2004 PCR action was dismissed based on the statute of limitations, Petitioner's counsel, Ms. Shurling, filed the explanation required by Rule 243(c), SCACR, for that

---

[4] 409 S.E.2d 395 (S.C. 1991).



order. On April 1, 2010, the South Carolina Supreme Court affirmed the PCR court's order, finding that Petitioner's PCR application was time barred based on the statute of limitations, and denying Petitioner's writ of certiorari from that order. The Remittitur was sent down on April 19, 2010.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following ground:

**Ground One:** 14th Amendment Violation/Actual Innocence

Supporting facts: Petitioner's Fourteenth Amendment was violated when the trial court erred in refusing to suppress DNA results or to grant a continuance pursuant to Rule 5 when the prosecution failed to timely disclose the DNA results, when the DNA results if properly challenged would support Petitioner's claim of actual innocence.

See Petition, p. 5 & Attachment.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



4

**I.**

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.  This limitations period is part of the AEDPA,[5] and runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Since Petitioner did not seek certiorari review from the United States Supreme Court, his state court convictions became final on May 27, 2002 (90 days from February 28, 2002), the date that the time expired for Petitioner to file a petition of certiorari.[6]  Gildon v. Brown, 384 F.3d 883,

---

[5] Antiterrorism and Effective Death Penalty Act of 1996.

[6] Since Petitioner filed a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is  included. See e.g., 28 U.S.C. § 1257 [United States Supreme (continued...)



885 (7th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 527 (2003)).  Hence, Petitioner had one year from May 27, 2002, to file a federal habeas petition.  The filing of a state APCR can toll the running of this time period; however, by the time Petitioner filed his first APCR on February 2, 2004, over a year and one-half of non-tolled time had already passed from when his convictions had become final.  Therefore, this Petition is time barred under § 2244(d)(1)(A).

Further, although the period of limitations is normally tolled during the pendency of an APCR [see 28 U.S.C. § 2244(d)(2)], that is not the case if the petition is not found to be properly filed.  Petitioner's APCRs were not "properly filed" for purposes of tolling the statute of limitations, as the post-conviction relief application was dismissed on the ground that it was untimely.  See Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]].  Therefore, neither one of Petitioner's two APCRs would have tolled the running of the statutory filing period, even if they had been filed during the one year filing period provided in § 2244(d)(1)(A).

In addition, since Petitioner did not timely perfect an appeal of the dismissal of his

---

[6](...continued)
Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].



<a>

first APCR, the dismissal of this APCR became final for limitations purposes on June 19, 2006.[7] Petitioner was then granted a belated <u>Austin</u> appeal of the dismissal of his first APCR, with the dismissal of this second APCR becoming final for limitations purposes on April 19, 2010. <u>See eg</u> <u>Ott v. Johnson</u>, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], <u>cert. denied</u>, 529 U.S. 1099 (2000); <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; <u>Mays v. Hickman</u>, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000). However, even assuming arguendo that the statute could have been tolled until the dismissal of Petitioner's *second* APCR on April 19, 2010 (when the Remittitur was sent after the South Carolina Supreme Court denied certiorari on Petitioner's belated PCR appeal[8]), this petition is still untimely since the federal statute

---

[7]It not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d)(2), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending*. See 28 U.S.C. § 2244; <u>Ballenger v. Mauney</u>, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. <u>Gibson v. Klinger</u>, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days. Rule 203(b)(1), SCACR. Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given Petitioner the benefit of tolling the statute for this thirty (30) day period (the order was issued on May 18, 2006). Since thirty days fell on June 17, 2006 (which was a Saturday), the time to appeal expired on Monday, June 19, 2006.

[8]In <u>Jimenez v. Quarterman</u>, ___ U.S. ___, 129 S.Ct. 681, 683-687 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time *direct appeal*
(continued...)


</a>

of limitations expired prior to Petitioner even filing his APCR. The time for filing a federal habeas action does not start over after the conclusion of a Petitioner's collateral review. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

## II.

In an effort to save his Petition from dismissal, Petitioner asserts that he did not receive notice that his direct appeal had been denied by the state court until January 20, 2004.[9] See Memorandum in Opposition, pp. 3, 7. However, applying this date to Petitioner's claim still does not afford Petitioner any relief. Without even addressing the merits of this argument or whether it

---

[8](...continued)
during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a *state PCR action* does not retroactively toll the statute back to the filing date of the original APCR. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10th Cir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court"]; Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000)[holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]. Accordingly, there is a strong argument that Petitioner is not entitled to toll the federal habeas petition during the time period in which he had no petition pending after the dismissal of his first APCR. However, in this case, it is not necessary to even make that determination, since even assuming that Petitioner could retroactively toll the limitations period back to the filing date of his first APCR, this petition is still not timely**.**

[9]Petitioner contends that he received the actual written order on March 11, 2004, but admits that he was advised that his appeal had been dismissed on January 20, 2004. See Petitioner's Memorandum in Opposition, pp. 3, 7-8.



would be considered an impediment under § 2244(d)(1)(B), it still does not provide a means for Petitioner to assert that his petition is timely. Even assuming that Petitioner did not discover that his direct appeal was denied until January 20, 2004[10] and that the federal statute did not start running until that date, Petitioner would have needed to file his federal habeas petition by one year later, in 2005, because his APCR did not otherwise toll the running of the time period for filing. See discussion, supra. Petitioner did not file this action until 2011.

### III.

The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004)[Finding that alleged lack of notice was not "extraordinary circumstance" entitling Petitioner to equitable tolling]; Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled

---

[10]Since Petitioner's filing would still be untimely under § 2244(b), the undersigned has used that date for purposes of discussion only.



to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner argues that he is entitled to equitable tolling because he did not receive notice of the decision dismissing his direct appeal until January 20, 2004.[11] However, even assuming that Petitioner did not have notice of the denial of his direct appeal until January 20, 2004, he waited until almost seven (7) years later before he filed his federal habeas petition. Even further assuming that Petitioner would have been entitled to equitable tolling through April 19, 2010 (which the undersigned expressly does not find), Petitioner still waited an additional nine (9) months before filing this federal habeas petition. Marengo, 342 F.Supp. 2d at 230 [Noting that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]; Weldon v. Pate, No. 10-1400, 2011 WL 573454 at * 3, n. 10 (D.S.C. Jan. 26, 2011), adopted, 2011 WL 573454 (D.S.C. Feb. 15, 2011)[No equitable tolling where Petitioner waited eight months after receipt of letter from an attorney he attempted to retain before he filed habeas petition].

In sum, no basis for equitable tolling is present in these facts. Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary

---

[11]Petitioner contends that his notice was the written decision, which he alleges he received on March 11, 2004, rather than his alleged oral notice of the order. However, for purposes of equitable tolling, the Court considers when Petitioner had knowledge and should have acted. In any event, the use of the date of March 11, 2004, would still not provide Petitioner with any relief since he still allowed almost seven (7) years to expire after that date before he filed this petition.



circumstances stood in his way]; Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230. Rather, Petitioner simply failed to timely file this federal petition. Cf. Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay].

As Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; he is barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 29, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).