IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Evon Frederick, #263382, | ) | Civil Action No.: 9:11-cv-00211-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on January 25, 2011.[1] [§ 2254 Petition, Doc. # 1.] Petitioner is currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina.

On May 19, 2011, Respondent filed his motion for summary judgment, along with a return and memorandum in support. [Resp't Mot. Summ. J., Doc. # 21– 22.] Because Petitioner is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 10, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. After being granted three extensions of time to respond, Petitioner filed his response in opposition to the summary judgment motion. [Pet'r's Opp'n, Doc. # 37.]

This matter is now before the Court with the Report and Recommendation ("R&R") of

---

[1] Although the Court received Petitioner's § 2254 Petition on January 26, 2011, the prison mail room date-stamped the Petition on January 25, 2011. [*See* Envelope, Doc. # 1-1.] Accordingly, as did the Magistrate Judge, the undersigned will treat Petitioner's § 2254 Petition as filed on that date – January 25, 2011. *See Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

United States Magistrate Judge Bristow Marchant[2] filed on September 29, 2011. [R&R, Doc. # 40.] In his R&R, the Magistrate Judge recommends that Respondent's motion for summary Judgment should be granted and the § 2254 Petition should be dismissed. [R&R at 12.] After being granted an extension of time to respond, Petitioner filed objections to the R&R within the extended time period. [Pet'r's Obj., Doc. # 45.]

## Background

In January 1998, the Richland County (South Carolina) Grand Jury indicted Petitioner for two counts of murder. [*See* Indictment Nos. 98-GS-40-28716 through 17, Doc. # 22-6, at 60–63.][3] After a four-day trial, Petitioner was found guilty on the charges and the Honorable James R. Barber, III sentenced him to two (2) consecutive sentences of life imprisonment without parole. *See State v. Frederick*, No. 2002-UP-099 (S.C. Ct. App. filed Feb. 12, 2002), *available at* Doc. # 22-9.

Petitioner filed a timely appeal and raised the following issues: (1) whether the trial court erred in refusing to suppress DNA results; (2) whether the trial court erred in admitting crime scene photos of the bloody victims; and (3) whether the trial court erred in refusing to grant a mistrial after state's witness placed appellant's character in issue. [*See* Appellant's Brief, Doc. # 22-7, at 5.] The South Carolina Court of Appeals denied Petitioner's appeal and affirmed the trial court on February 12, 2002. *See State v. Frederick* No. 2002-UP-099.

On February 2, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. *Frederick v. State of South Carolina*, No. 2004-CP-40-0527 (S.C. Ct. Comm.

---

[2] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[3] The cited page numbers refer to the page numbers used in this Court's docket stamp.

Pleas filed May 18, 2006), *available at* Doc. # 22-15. Petitioner argued that the trial court lacked subject matter jurisdiction because the indictments failed to allege the essential elements of the crime of murder. On May 18, 2006, the court ultimately dismissed the APCR as time-barred. *Id*.

Although Petitioner did not file an appeal, on February 15, 2010, he filed a second APCR in state circuit court, seeking a belated appeal from the dismissal of his first APCR, to which the State consented. *Frederick v. State of South Carolina*, No. 2010-CP-400-1066 (S.C. Ct. Comm. Pleas filed March 8, 2010), *available at* Doc. # 22-18. Petitioner then filed his belated appeal on May 18, 2010.[4] [*See* APCR Appeal, Doc. # 22-19.] The South Carolina Supreme Court affirmed the APCR court's 2004 order, and the Remittitur was sent down on April 19, 2010. [*See* Remittitur, Doc. # 22-22.]

On January 25, 2011, Petitioner filed the § 2254 Petition at issue, alleging actual innocence and that his 14th Amendment rights were violated when the trial court refused to suppress DNA results or to grant a continuance when the prosecution failed to timely disclose the DNA results. [§ 2254 Petition, Doc. # 1-1, at 3-7.]

**Standard of Review**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[4] The belated appeal was requested and granted pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). Since the final order in the 2004 APCR action was dismissed based on the statute of limitations, Petitioner's counsel, Tara Dawn Shurling, filed the explanation as to why this determination was improper, as required by Rule 243(c), SCACR.

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

Petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held

4

*de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In his "objections," Petitioner does not take issue with any specific finding in the R&R – he merely rehashes his initial arguments before the magistrate or states the applicable law of the case. Petitioner makes clear that he is not specifically objecting to the R&R:

> In his opposition and reply memorandum, Petitioner made specific and cogent arguments concerning his claim and incorporated a thorough discussion of these standards, both factual and legal.
>
> . . . .
>
> To save this Court's time and repetitive arguments, Petitioner relies *solely* on his opposition and reply and supporting facts and evidence submitted in response to the Respondent's motion for summary judgement.

[*See* Pet'r's Obj., Doc. # 45, at 6–7 (emphasis added).]

None of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Petitioner's pleadings. These issues were correctly addressed by the Magistrate Judge and this Court will not address the issues a second time.

In light of the Plaintiff's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9

(D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)).

Nonetheless, out of an abundance of caution, and mindful of this Court's obligation to liberally construe *pro se* pleadings, this Court will nonetheless address Petitioner's overarching contention that adopting the R&R "will result in a miscarriage of justice" because Petitioner is actually innocent. [*See* Pet'r's Obj., Doc. # 45, at 7.][5]

Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). However, in the context of a motion time-barred under § 2244(d), the Court questions whether actual innocence provides grounds for equitable tolling or serves as an exception to the statute of limitations.[6] Regardless, even if the Court were to assume that actual innocence provides grounds for equitable tolling, Petitioner has failed to make a sufficient showing of actual innocence.

A petitioner claiming actual innocence "must establish that, in light of *new* evidence, 'it is

---

[5] Petitioner does not appear to take issue with the Magistrate's finding that he was otherwise time-barred under the statute of limitations. The undersigned agrees with the Magistrate Judge that Petitioner's § 2254 Petition is untimely, as it was filed after the expiration of § 2244(d)(1)(A)'s one-year limitation period. As the Magistrate Judge correctly noted, Petitioner's state court convictions became final on May 27, 2002, the date that the time expired for Petitioner to file a petition of certiorari. *See Gildon v. Brown*, 384 F.3d 883, 885 (7th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Hence, Petitioner had one year from May 27, 2002, to file a federal habeas petition. The filing of a state APCR can toll the running of this time period; however, by the time Petitioner filed his first APCR on February 2, 2004, over a year and one-half of non-tolled time had already passed from when his convictions had become final. Therefore, this Petition is time barred under § 2244(d)(1)(A).

[6] While "[t]he Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling[,] . . . other circuits have reasonably concluded that there is no such exception." *DiCaprio-Cuozzo v. Johnson*, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010) (collecting cases that hold that no actual innocence exception to the statute of limitations exists).

6

more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (emphasis added) (quoting *Schlup*, 513 U.S. at 327).  This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)).  Also, a petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's arguments have not satisfied this demanding standard.  Petitioner has not set forth any "new evidence" as required by *Schlup*, but rather argues only that the evidence presented at trial "raises serious [constitutional] questions."  [*See* Pet'r's Obj., Doc. # 45, at 6.] Further, in his supposed objections, Petitioner does not actually discuss his claims for actual innocence. Instead, Petitioner merely states what he believes to be the law governing actual innocence claims and alleges he is "factually innocent." [*Id*. at 7. 11–12.] However, his § 2254 Petition makes clear that his actual innocence claims are based upon the trial court's failure to suppress certain DNA evidence and the trial court's admittance of certain testimony and crime scene photographs. [*See* § 2254 Petition, Doc. # 1, at 2, 3–6.] Given Petitioner's failure to set forth any "new evidence" to show that he is "factually" innocent of the underlying crimes, the Court concludes that Petitioner has failed to prove actual innocence and therefore he is not entitled to equitable tolling on such a basis.

Accordingly, based on the foregoing, the Court concludes that Petitioner's § 2254 Petition was filed after expiration of the AEDPA's one-year limitation period, Petitioner has not shown that he is entitled to equitable tolling, and thus the § 2254 Petition should be dismissed as time-barred.

7

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
December 1, 2011